KELLEY *v.* STATE OF INDIANA.
[No. 26,551. Filed March 28, 1936.]

*Thomas H. McNulty* and *Edward W. McElfresh,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Warren W. Martin,* Assistant Attorney-General, for appellee.

HUGHES, J.—The appellant was charged with the

crime of robbery and grand larceny. He was tried by a jury and found guilty of robbery and sentenced to the Indiana State Prison.

The assignment of error is that the court erred in overruling appellant's motion for a new trial wherein it is alleged that:

(1) The verdict of the jury is contrary to law;

(2) The verdict of the jury is not sustained by sufficient evidence;

(3) Error of law occurring at the trial in that two .45 automatic guns were on State Counsel's table during the trial; in overruling the motion to have the guns removed from the view of jury; error of court in refusing to discharge the jury on motion of defense counsel because of the improper display of guns; and error because of the fact the guns were not offered in evidence nor shown to be used in the robbery.

It appears from the evidence that about 1:00 P. M. on September 27, 1932, the appellant, in company with another person, appeared at the business house of William H. Roberts & Sons, a dairy company; George Irish was a driver on a milk route and was at the place of business with other drivers when the appellant appeared with a gun and robbed the said Irish of forty ($40.00) dollars belonging to the company. The appellant was arrested in Louisville, April 24, 1933, and returned to Indianapolis. At the time of his arrest he had on his person two .45 automatic guns and hereafter referred to as exhibits 1 and 2.

The error of law complained of in the motion for a new trial is predicated upon error of the court in overruling the motion and objection of appellant relative to the display of firearms. Our attention has not been called to any part of the record where any objection was made to any display and we have been unable to find any. The appellant has referred

us to page 169 of the record, where the attorney for appellant stated:

"At this time the defendant objects to any display of firearms unless it is shown that the guns displayed were used in the robbery in which the defendant is now on trial and the defendant now moves to have stricken from the record all evidence concerning the guns displayed before the jury unless there is a good faith effort made on the part of the prosecuting attorney to connect it up with the offense charged and for the reason that it is done for the purpose of prejudicing the jury against the defendant."

And at the close of the State's evidence, the attorney again stated:

"At this time the defendant wishes to renew the motion made this morning regarding the guns being displayed and the jury be instructed to disregard the guns and all evidence concerning the guns."

We fail to find in the record any display of the guns in question other than the fact that they were on the table and evidence was introduced showing that they were taken from the appellant at the time of his arrest. This evidence was proper. We find no objection to any display of guns, nor do we find any request that the guns be not permitted to be on counsel's table, other than the objection as contained in the foregoing statement by the attorney. It was made at the beginning of court one morning when no question had been asked, or any display of guns made. It was proper for the officer who arrested the appellant to testify that at the time he made the arrest the guns were found upon the person of the appellant. The evidence conclusively showed that the appellant had a gun when he committed the robbery, and if the State could have shown that either of the guns found upon the appellant was the gun he had when he committed the robbery, the evidence would have been

proper. We do not see how the fact that the guns were on the table, and in view of the jury, could have prejudiced the jury when the witnesses testified that the appellant had a gun when he committed the robbery. Appellant complains because the guns, as exhibits 1 and 2, were not introduced in evidence. The State had them there doubtless to introduce if the witnesses could identify them and we presume that they were not able to identify either one as the one appellant had, but the fact remains that he did have a gun at the time he committed the crime.

It is contended by the appellant that the verdict is contrary to law and is not sustained by sufficient evidence.

Many of the witnesses positively identified the appellant as the one who committed the robbery. Even though there is a conflict in the evidence, this court will not weigh it. However, there is little conflict as to the identification. Many were present at the time of the commission of the crime and most all of those present identified the appellant. The verdict is sustained by sufficient evidence and it is not contrary to law.

Judgment affirmed.